IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:12cr122

KLALIEF BYRD

**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT'S MOTION FOR MODIFICATION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND U.S.S.G. AMENDMENT 821 (ECF No. 83), the Response of the United States in Opposition to Defendant's Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (ECF No. 84), and the DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR MODIFICATION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND U.S.S.G. AMENDMENT 821 (ECF No. 85). The Court has considered the Presentence Report and the file as a whole and the Sentencing Guideline Recalculations – Criminal History Status Point (ECF No. 77). For the reasons set forth below, the DEFENDANT'S MOTION FOR MODIFICATION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND U.S.S.G. AMENDMENT 821 (ECF No. 83) will be denied.

## BACKGROUND

On July 17, 2012, the defendant, Khalief Byrd, was charged in a four count Indictment. COUNT ONE charged robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); COUNT TWO charged using, carrying, displaying, brandishing and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); COUNT THREE charged attempted robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); and COUNT FOUR charged using, carrying, displaying, brandishing and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (ECF No. 10). On November 29, 2012, Byrd pled guilty to COUNTS ONE and TWO of that Indictment pursuant to a binding Plea Agreement entered under Fed. R. Crim. P. 11(c)(1)(C). The agreed upon sentence on COUNTS ONE and TWO was 22 years of imprisonment consisting of 15 years on COUNT ONE and seven years on COUNT TWO to be run consecutively, a special assessment of $200.00, and five years of supervised release (three years on COUNT ONE and five years on COUNT TWO to run concurrently). (PLEA AGREEMENT, ECF No. 24). In the STATEMENT OF FACTS (ECF No. 25) accompanying the PLEA AGREEMENT, Byrd admitted to having committed an additional robbery and to have brandished a firearm in connection with each robbery or attempted robbery. (ECF No. 25, ¶¶ 9, 10).

2

It is undisputed that, at the time the guidelines in the case were calculated, because the offense was committed while the defendant was under a criminal justice system, he received an additional two status points for the purposes of calculating his criminal history. Originally his criminal history category was IV and if the two points were not included, his criminal history category would be III. The other bases for calculating the guideline range remained unchanged but, as a consequence of the status point elimination, the guideline range would be reduced from 84 to 105 months to a guideline range of 70 to 87 months for COUNT ONE. In either event, the 84 month consecutive sentence on COUNT TWO would still obtain.

Byrd seeks adjustment of his sentence on the basis of 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821.

The record is undisputed that, while in prison the defendant has committed a substantial number of serious infractions. In particular, they are:

- Possessing a Dangerous Weapon (homemade weapon) on April 17, 2024
- Possessing a Dangerous Weapon (homemade weapon) on June 9, 2024
- Destroy Property ($100 or less) on June 18, 2014
- Phone Abuse-Disrupt Monitoring on October 8, 2014
- Assaulting With Serious Injury and Possessing a Dangerous Weapon (stabbing of another inmate) on September 12, 2016
- Possessing Unauthorized Item and Interfering with Staff on May 3, 2017

3

- Threatening Bodily Harm, Assaulting Without Serious Injury and Interfering with Security Devices on April 17, 2017
- Possessing a Dangerous Weapon on July 15, 2018
- Refusing Work/Program Assignment on July 30, 2018
- Possessing a Dangerous Weapon on July 11, 2019
- Being Insolent to Staff Member on September 28, 2019
- Being Insolent to Staff Member on August 24, 2021
- Possessing a Dangerous Weapon on March 30, 2022
- Refusing to Obey an Order on September 5, 2022
- Interfering with Taking Count on March 24, 2023
- Interfering with Taking Count on March 26, 2023
- Refusing to Obey an Order, Being Unsanitary/Untidy and Disruptive Conduct on July 17, 2023
- Refusing to Obey an Order on August 21, 2023

The requested sentence reduction is based principally upon the effect of Amendment 821. However, the defendant also asserts that certain factors from 18 U.S.C. § 3553(a) weigh in favor of a modified sentence, notwithstanding the infractions. In particular he recites that he has completed substantial progress toward rehabilitation by taking numerous educational and vocational courses and working for the entire time that he has been in prison and accomplishing those at the time that he has certain medical problems (gout and headaches).

### DISCUSSION

The analysis to be made here is that proscribed in Dillon v. United States, 560 U.S. 817 (2010) which is the process by which courts are to consider the application for retroactive guideline amendment relief. Dillon requires a two step approach: the first of which is to determine whether the guideline range would have

been applicable to Byrd had the amendment been in effect at the time. The parties are in agreement that Byrd is eligible for relief. The second step of the <u>Dillon</u> inquiry is to consider any applicable § 3553(a) factors and determine whether, at the Court's discretion, the reduction authorized by the amendment is a warranted one in whole or in part under the unique and particular circumstances of the cases.

Applying the test in <u>Dillon</u>, the Court concludes that in this case it is entirely inappropriate to make an adjustment and reduce Byrd's sentence for several reasons. First, this is an agreed upon sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C) in which the parties were fully mindful of the facts and the pending charges as well as other charges which could have been brought against Byrd. Mindful of all of the relevant circumstances, they agreed upon a particular resolution which the Court ultimately approved as reasonable and fair in satisfying all of the § 3553(a) factors.

The sentence was sufficient but not greater than necessary to satisfy the ends of § 3553(a) and it provided a just sentence by being adequate to protect the public and to deter the defendant from future misconduct, and to promote respect for the law in perspective of the offense conduct and in perspective of the defendant's general inclination toward violence.

5

Second, the offenses of conviction were extremely serious in and of themselves and in the manner in which they would committed and they necessitate a significant incarceration period because the defendant is prone to violence as is established by the offense conduct and by the violent conduct for which he was not charged. The defendant's violent nature is further underscored by his record of incarceration while in prison.  He has incurred 18 violations, five of which were for possessing homemade dangerous weapons, assault producing serious injury, and threatening bodily harm. Additionally, his record in prison establishes that he is unwilling to abide by rules and has generally not learned how to be respectful of the requirements of rules and regulations and the law.

Third, while Byrd is to be commended for attempting to engage in course work and employment that furthers his rehabilitation, that does not offset the seriousness of the offense conduct or the utter disregard of the law manifested even after he has been incarcerated.

In sum, an analysis of the entire picture presented by the record in this case compels the conclusion that no adjustment should be made in the sentence and that the agreed upon sentence should remain in full force and effect.

## CONCLUSION

Accordingly, the DEFENDANT'S MOTION FOR MODIFICATION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582 AND U.S.S.G. AMENDMENT 821 (ECF No. 83) will be denied.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 5, 2025